(12 Misc. Rep. 192.)

### BUTLER v. WEEKS et al.

(Supreme Court, Special Term, New York County.    April 23, 1895.)

TRUSTS—IDENTIFICATION OF TRUST PROPERTY.

Defendant, who was one of two trustees, and had the active management of the estate, stated to his cotrustee that he would invest certain moneys of the estate then in his hands in a certain mortgage owned by defendant individually, and afterwards he informed his cotrustee that he had assigned the mortgage to the estate, which statement was communicated to the cestui que trust.    Afterwards defendant accounted to the estate for the interest received on such mortgage, and for more than 10 years actually paid such interest to the cestui que trust.    *Held*, that there was a sufficient declaration of trust as to such mortgage to make it a part of the trust estate, though it was never in fact assigned, but remained in the individual name of the trustee.

Action by Prescott Hall Butler, as executor, against Francis H. Weeks and others, to procure an adjudication that a certain mortgage is a part of the assets of the estate of which plaintiff is executor.    Judgment for plaintiff.

Thomas D. Sherman, for plaintiff.
Alfred J. Taylor, for defendant Central Trust Co.
Francis C. Barlow, for defendant Zippel.
George D. Mumford, for defendant Welling.
J. McL. Nash, for defendant Walsh.
Mr. Lyon, for defendant Folsom.
Henry D. Sedgwick, for defendant Sedgwick.

INGRAHAM, J.    The plaintiff and Francis H. Weeks were executors and trustees under the last will and testament of William E. Sedgwick, deceased, and prior to November 1, 1882, had property of the estate in their hands to an amount exceeding $30,000.    All the securities in which the estate was invested were in the possession of Weeks, who had the active management of the estate.    Some time prior to the 1st of November, 1882, two of the mortgages in which the estate was invested had been paid to Weeks, and on that day he had uninvested in his hands money amounting to a sum

slightly in excess of $8,500. About that time Weeks had an interview with the plaintiff, his cotrustee, at which he said that he had a mortgage (describing the mortgage in suit) which was satisfactory security, and that he would invest that $8,500, then held by him uninvested, in that mortgage. To that the plaintiff assented, and Weeks subsequently informed the plaintiff that he had assigned the mortgage to the executors. This mortgage in question had been executed by the mortgagor to Weeks individually. It was dated May 29, 1882, and was duly recorded, and at the time of this conversation between plaintiff and Weeks the mortgage was, so far as appears, the individual property of Weeks, over which he had full control. Subsequently, in the early part of 1884, the cestui que trust asked the plaintiff for the exact condition of her father's estate. The plaintiff inquired of Weeks, and in answer to that inquiry Weeks sent to plaintiff a letter, by which it appears that there was then a sum of $34,000 in his hands, and this letter contained the following statement: "This amount, $34,000, is invested as follows." Then follows a list of securities, one of which is described as follows:

|  | Principal. | Annual Income. |
|---|---|---|
| Bond and mortgage of John G. Folsom on premises East Twelfth street at 5 per cent. interest, payable April 29th and October 29th.................................... | $8,500 | $425 |

In 1893, just before Weeks absconded, he gave to plaintiff a statements of the accounts of the estate, which purported to show the condition of the estate from the beginning, in 1873, down to December, 1892. That statement does not show the securities in which the estate was invested, but it shows a receipt of principal aggregating $41,639.26, expenditures of $4,494.94, and a statement of income showing a receipt of interest on May 2, 1883, from John G. Folsom, of $212.50, and the receipt of a like amount of interest on this bond and mortgage each six months down to and including November, 1892. It also appears that during this whole period, each six months, Weeks deposited in the bank account of the estate the like sum of money as interest received by him on this mortgage. After Weeks had absconded, this bond and mortgage was found among his papers, standing in his individual name. Weeks testified that he had an impression that he had executed an assignment of this mortgage to the estate of which he and the plaintiff were trustees, and plaintiff testifies that Weeks told him in 1882, shortly after his interview with him, that he had transferred the mortgage to the estate. I hardly think, however, that this evidence would justify a finding that any written assignment was ever executed.

The first question presented is whether or not, upon this state of facts, this mortgage became the property of this estate as between the estate and Weeks individually. The defendant Welling, as the assignee of Weeks, could only take the interest that Weeks had in the mortgage at the time of the assignment; and if this mortgage, although standing in Weeks' name individually, was impressed with a trust in favor of the estate, the legal title under Weeks' assignment passed to the assignee, subject to such trust.

Weeks and the plaintiff were trustees, and held the corpus of the estate as such trustees, and in November, 1882, Weeks had in his hands the sum of $8,500 uninvested. He also owned this mortgage, and there can be no doubt but that, had he executed a written transfer of the mortgage, or had he delivered the bond and mortgage to his cotrustee, they would have become at once the property of the estate as a portion of the securities in which the estate was invested. It was also competent for Weeks at that time, by any other declaration clearly evincing an intention to hold this mortgage in trust for the estate, to create a valid trust, so that in equity the mortgage would become a part of the trust estate. It is well settled that no particular expressions are necessary to constitute a trust. Any language clearly showing the settlor's intention is sufficient, if the property and disposition of it are definitely stated. "A person in legal possession of money or property acknowledging a trust, with the assent of the cestui que trust, becomes from that time a trustee, if the acknowledgment be founded on a valuable consideration. His antecedent relation to the subject, whatever it may have been, no longer controls. If, before a declaration of trust, a party be a mere debtor, a subsequent agreement, recognizing the fund as already in his hands, and stipulating for its investment on the creditors' account, will have the effect to create a trust." Hamer v. Sidway, 124 N. Y. 550, 27 N. E. 256. Applying this rule, it seems to me clear that Weeks agreed to hold this bond and mortgage in trust for this estate, and that thereby he held the bond and mortgage as the trustee of the estate. He verbally informed his cotrustee that he had invested the $8,500 in this mortgage, and that he had assigned the mortgage to the executors. He made a statement in writing to his cotrustee, which was communicated to the cestui que trust, that this particular bond and mortgage was a part of the estate, and that $8,500 of the money of the estate was therein invested. He accounted to the estate for the interest received by him upon this bond and mortgage for upward of 10 years, and finally he rendered an account to the estate admitting the receipt of the interest from the bond and mortgage during all the 10 years, and actually paid such interest to the cestui que trust. No clearer declaration of an intention to constitute himself a trustee of this particular bond and mortgage could have been made except a written assignment of the bond and mortgage to the estate, and it was clearly sufficient to hold that he, and his assignee, merely standing in his shoes, can have no right to disaffirm this action. The right of the other defendants claiming any interest in this bond and mortgage depends merely upon the representations made by Weeks to them that this mortgage belonged to other estates, of which he was trustee. No facts appear that could justify me in finding that the plaintiff was estopped from claiming that the estate that he represented was the owner of this bond and mortgage. The most that can be said is that Weeks represented to the beneficiaries that he had invested the property of the estate in these securities, and that they relied upon his representations. There is no evidence that he actually did invest any of the money

belonging to the special estates represented by the defendants in this bond and mortgage, and nothing appears to create an estoppel. I think, therefore, that there should be judgment in favor of the plaintiff, adjudging that the bond and mortgage in question are the property of the estate of which plaintiff is executor and trustee, with costs to the plaintiff against the assignee. Ordered accordingly.